**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge
(Successor Judge Docket)

**Dated: October 1 2013**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 13-31719 |
| | ) | |
| Daniel Skeens, Jr., | ) | Chapter 7 |
| | ) | |
|       Debtor. | ) | Adv. Pro. No. 13-3106 |
| | ) | |
| Charles W. Newell, | ) | Hon. Mary Ann Whipple |
| | ) | |
|       Plaintiff, | ) | |
|   v. | ) | |
| | ) | |
| Daniel Skeens, Jr., | ) | |
| | ) | |
|       Defendant. | ) | |
| | ) | |

## MEMORANDUM OF DECISION AND ORDER

This adversary proceeding is before the court on Defendant's Motion to Dismiss [Doc. # 8], brought pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7012(b). Plaintiff commenced this proceeding on August 5, 2013, by filing *pro se* a document entitled "Object to Debtor's Discharge," [Doc. # 1], and on August 16, 2013, he filed a document that the court construes as an amended complaint, [Doc. # 6]. The court held a hearing on the motion, at which Plaintiff and Defendant's attorney appeared in person. For the reasons that follow, and those stated at the hearing, Defendant's motion will be denied.

### A. Rule 12(b)(6) Standard

Defendant moves to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, a "[p]laintiff's obligation to provide the 'grounds' for their claimed entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

The United States Supreme Court recently explained the "plausibility" standard first set forth in *Twombly*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "
>
> . . . .
>
> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

### B. Discussion

Plaintiff's amended complaint consists of six pages of unnumbered statements and allegations. While certainly not a model of clarity, pro se pleadings such as Defendant's, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Estell v. Gamble*, 429 U.S. 97, 106 (1976), "and should therefore be liberally construed," *Williams v. Curtin*, 631 F.3d 380, 383

(6th Cir. 2011). Accepting the factual allegations in the complaint as true, and liberally construing the complaint, as discussed below, the court finds that Plaintiff has alleged enough facts to state plausible claims under 11 U.S.C. § 727(a)(4) and/or (a)(5) and § 523(a)(2)(A).

### 1. 11 U.S.C. § 727(a)(4) and (a)(5)

Under § 727(a)(4)(A), a debtor is denied a discharge if "the debtor knowingly and fraudulently, in or in connection with the case. . .made a false oath or account[.]" In order to prevail, a plaintiff must prove, by a preponderance of the evidence that:

> 1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case.

*Keeney v. Smith (In re Keeney),* 227 F.3d 679, 685 (6th Cir. 2000). The Sixth Circuit explained fraudulent intent as contemplated under this section as follows:

> [I]ntent to defraud "involves a material representation that you know to be false, or, what amounts to the same thing, an omission that you know will create an erroneous impression." *In re Chavin*, 150 F.3d 726, 728 (7th Cir.1998). A reckless disregard as to whether a representation is true will also satisfy the intent requirement. *See id.* "'[C]ourts may deduce fraudulent intent from all the facts and circumstances of a case.'" *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 252 (4th Cir.1987). However, a debtor is entitled to discharge if false information is the result of mistake or inadvertence.

*Id.* at 685-86.

Under § 727(a)(5), a discharge will be denied if "the debtor has failed to explain satisfactorily. . .any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5). Under this section, the party objecting to discharge has the initial burden of identifying the assets at issue by demonstrating that the debtor possessed the assets at one time but that they are no longer available for creditors. *Clean Cut Tree Serv., Inc. v. Costello (In re Costello)*, 299 B.R. 882, 902 (Bankr. N.D. Ill. 2003). Unlike under § 727(a)(2) and (a)(4), there is no requirement under § 727(a)(5) of proof that a debtor acted fraudulently or intentionally in order to sustain a discharge objection. *Sonders v. Mezvinsky (In re Mezvinsky)*, 265 B.R. 681, 690 (Bankr. E.D. Pa. 2001).

In this case, the court finds the following constitute direct or inferential allegations in the amended complaint respecting the material elements of a § 727(a)(4) and/or (a)(5) claim:

> These are assets that are not listed on the bankruptcy report.
> Debtor stated to me he had $10,000 worth of software on his computer.
> Debtor tried to sell me $7,5000 (sic) worth of screen printing equipment. Where is this

3

> equipment?
> Items I purchased for the business that he has in his possession that he did not list:
>   1. $1139.00 Printer & Software
>   2. $ 695.00 Great Dane Graphics
>   3. $ 304.00 PhotoShop Software
>   4. $  25.00 PhotoShop Training Video
>   5. $  50.00 2x$25 Boarder cd's
>      Great Dane Graphics
>
> I am also aware of a 4 paddle screen printing machine that the Debtor purchased and is not accounted for.
> . . . .
> During [a visit to Debtor's apartment on August 30, 2012], I noticed more items that were not listed on the bankruptcy report as assets:
> Computer with $10,000 plus software
> 2 vinyl cutters
> 1 Heat press
> Boxes of Gildan T shirts
> 2 big screen TV's
> Cable
> Cell phone with internet
> . . . .
> In my view, the whole bankruptcy report if (sic) false and exaggerated.

[Doc. # 6, p. 1, lines 11-26; p. 2, lines 5-13; p. 4, lines 21-22].

Allegations that Defendant "has in his possession" specifically itemized assets that "are not listed on the bankruptcy report," if true, permit the court to reasonably infer that Defendant knowingly made a false statement under oath, *see Huntington Center Partners, Ltd. v. Dupree (In re Dupree),* 197 B.R. 928, 937 (Bankr. N.D. Ala.,1996), and did so with fraudulent intent, *see Keeney*, 227 F.3d at 685 ("intent to defraud involves a material representation that you know to be false, or, what amounts to the same thing, an omission that you know will create an erroneous impression"). The failure to disclose assets, as Plaintiff has alleged, also constitutes an omission that relates materially to the bankruptcy case. *See id.* at 686 (stating that "a false oath is material if it 'bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property.'") (citation omitted). Thus, the facts alleged as set forth above are sufficient to state a claim under § 727(a)(4).

Likewise, the same allegations, together with the other allegations setting forth specific assets that Plaintiff saw in Defendant's apartment but that were not included as assets in his bankruptcy schedules sufficiently allege a claim under § 727(a)(5) in that the allegations, if true, indicate that Defendant possessed

the assets at one time but, at least according to Defendant's schedules, they are no longer available to satisfy creditors' claims. If proven at trial, the burden will then shift to Defendant to satisfactorily explain the loss or deficiency of assets. *Clean Cut Tree Serv., Inc. v. Costello (In re Costello)*, 299 B.R. 882, 902 (Bankr. N.D. Ill. 2003).

### 2. 11 U.S.C. § 523(a)(2)(A)

Under § 523(a)(2)(A), a debt is excepted from discharge to the extent it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." In order to except a debt from discharge under § 523(a)(2)(A) based upon a false representation, a plaintiff must prove the following elements by a preponderance of the evidence: (1) the debtor obtained money or services through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998).

The following allegations in Plaintiff's complaint adequately allege each of the elements under *Rembert*:

> On 10-13-2011 the Debtor came to my apartment and made a big deal of making a $50.00 cash payment. Debtor stated that his father was going to the credit union the next day and taking out a loan to pay me in full. Debtor begged me to take the $1139.00 printer that I was holding. Debtor also took the 2 boarder cd's. He purposely lied to me about his father going to the credit union. . . . [T]he debtor purposely mislead me to get the printer that was purchased by me for our business venture.

[Doc. # 6, p. 3, lines 11-19]. As such, these allegations are sufficient to state a claim under § 523(a)(2)(A).

### 3. Federal Rule of Civil Procedure 12(f)

Under Rule 12(f), the court, on its own, may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Having carefully reviewed Plaintiff's complaint, the court finds that the only allegations material to Plaintiff's claims are those quoted in this opinion. Thus, the court will strike all other allegations in the complaint as immaterial, impertinent, or scandalous.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Dismiss be, and hereby is, **DENIED**; and

**IT IS FURTHER ORDERED** that all allegations in the complaint, other than those specifically quoted in this opinion, be, and hereby are, treated as **STRICKEN.**